**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

JESSICA SHAVONE TILLIS,

               Plaintiff,

    vs.                                                            1:14-cv-962

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

               Defendant.

**Thomas J. McAvoy,
Sr. U.S. District Judge**

## DECISION and ORDER

### I. INTRODUCTION

Plaintiff Jessica Shavone Tillis brought this suit under §§ 205(g) & (b)(3) of the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 405(g) & 1383(c)(3), to review a final determination of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI"). Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") denying her application for benefits was not supported by substantial evidence. Pursuant to Northern District of New York General Order No. 8, the Court proceeds as if both parties had accompanied their briefs with a motion for judgment on the pleadings.

### II. BACKGROUND

Plaintiff Jessica Shavone Tillis filed an application for SSI benefits on February 3, 2012. See Social Security Administrative Record Dkt. # 10 at 91. Tillis alleges that

she became disabled on January 3, 2012. Dkt. # 10 at 31. She alleges the following conditions in her application that limit her ability to work: low back pain, migraines, sleep apnea, blurred vision, right hip problems, right knee problems, enlarged milk duct, depression, and liver problems. Id. at 111. The Social Security Administration initially denied Plaintiff's application on May 9, 2012. Id. at 10. Plaintiff filed a request for a hearing before an ALJ on August 6, 2012. Id. A hearing on Plaintiff's application before ALJ Thomas Grabeel occurred on January 10, 2013 . Id. On February 4, 2013, the ALJ issued a decision finding Plaintiff not disabled. Id. at 21. Plaintiff requested review by the Appeals Council on March 25, 2013. Dkt. # 10 at 6. The Appeals Council denied Plaintiff's request for review on June 25, 2014. Id. at 1-4. This civil action followed.

## III. DISCUSSION

### a. Standard of Review

The Court's review of the Commissioner's determination is limited to two inquiries. See 42 U.S.C. § 405(g). First, the Court determines whether the Commissioner applied the correct legal standard. See Tejada v. Apfel, 167 F.3d 770, 773 (2d Cir. 1999); Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998); Cruz v. Sullivan, 912 F.2d 8, 11 (2d Cir. 1990); Shane v. Chater, No. 96–CV–66, 1997 WL 426203, at *4 (N.D.N.Y July 16, 1997) (citing Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987)). Second, the Court must determine whether the Commissioner's findings are supported by substantial evidence in the administrative record. See Tejada, 167 F.3d at 773; Balsamo, 142 F.3d at 79; Cruz, 912 F.2d at 11; Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982). A Commissioner's finding will be deemed conclusive if supported by

2

substantial evidence.  See 42 U.S.C. § 405(g); see also, Perez, 77 F.3d at 46; Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984) ("It is not the function of a reviewing court to determine de novo whether a Plaintiff is disabled.  The [Commissioner's] findings of fact, if supported by substantial evidence, are binding.") (citations omitted).  In the context of Social Security cases, substantial evidence consists of "'more than a mere scintilla'" and is measured by "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)).  Where the record supports disparate findings and provides adequate support for both the Plaintiff's and the Commissioner's positions, a reviewing court must accept the ALJ's factual determinations.  See Quinones v. Chater, 117 F.3d 29, 36 (2d Cir. 1997) (citing Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982)); Alston v. Sullivan, 904 F.2d 122, 126 (2d Cir. 1990).

**b. Analysis**

**1. The Commissioner's Decision**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  The Commissioner's administrative regulations mandate that the ALJ follow a five-step process to evaluate disability claims.  See 20 C.F.R. §§ 404.1520,

416.920.

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment which is listed in Appendix 1 of the regulations, [t]he [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982).

Applying the five-step test in this case, the ALJ found that the plaintiff was not currently engaged in substantial gainful employment. Dkt. # 10 at 12. In the second step, the ALJ determined that the plaintiff had severe impairments of morbid obesity, osteoarthritis, depression, and post-traumatic stress disorder as defined in 20 C.F.R. § 416.920(c). Id. Under the third step, the ALJ found that the plaintiff was not disabled per se, as her combination of impairments did not meet or equal the severity of the listings in Appendix I, subpart P, 20 C.F.R. §§ 416.920(d), 416.925 and 416.926. Id. at 14. Under step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a). Id. at 16. The ALJ concluded that Plaintiff has no past relevant work under 20 C.F.R. § 416.965. Id. at 20. Under step five, considering Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Id. at 21.

4

## 2. The ALJ's Determination that Plaintiff's Migraine Headaches were not Severe

Plaintiff first argues that the ALJ erred at step two of the analysis by failing to classify plaintiff's migraine headaches as a severe impairment. Dkt. # 11 at 3 ("Plaintiff's Brief"). Plaintiff does not claim that the Commissioner used an incorrect legal standard in step two of the ALJ's decision. Plaintiff's Brief at 3. Plaintiff instead contends that the ALJ's determination that her migraine headaches were non-severe was not supported by substantial evidence. Id. at 3. The Commissioner argues that the ALJ's determinations were amply supported by the record. Dkt. # 9 at 3 ("Defendant's Answer"). The Court agrees with the Commissioner.

According to Social Security Regulations, "[a]n impairment or combination of impairments is not severe if it does not significantly limit a [Plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). The regulations define basic work activities as the "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). The severity of an impairment is not determined merely by diagnosis, but by the limitations imposed by the impairment. Ellis v. Comm'r of Soc. Sec., 2012 U.S. Dist. LEXIS 161427, at *4 (N.D.N.Y. Sept. 7, 2012); see also, McConnell v. Astrue, 2008 U.S. Dist. LEXIS 24638, at *12 (N.D.N.Y. Mar. 27, 2008). Furthermore, the Second Circuit has found that the second step of the sequential analysis is a *de minimus* requirement, meant only to screen out the weakest of cases. Dixon v. Shalala, 54 F.3d 1019, 1030 (2d. Cir. 1995). In cases with multiple impairments the ALJ is required to consider the "combined effect of all of the impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 416.923.

5

In the current case, the ALJ's step two determination was supported by substantial evidence. Moreover, after concluding that the migranes in themselves werre not severe, the ALJ properly considered the effects of the headaches throughout the rest of the sequential analysis. The Court finds no error here. At step two, in finding that the Plaintiff's headaches did not significantly limit the Plaintiff's physical or mental ability to perform basic work activities, the ALJ considered the negative MRI and MR venogram tests. Dkt. # 10 at 13. The ALJ noted that Plaintiff's headaches were infrequent and that she was not taking the prescribed Imitrex[1] for the headaches very often. Id. Plaintiff asserts that the ALJ misread the record as a whole with these specific notations. Plaintiff's Brief at 3. However, the ALJ specifically notes that the frequency and duration of the Plaintiff's headaches has improved since she began taking Imitrex. R. at 13. She had headaches 2-3 times per month, and the headaches went away three hours after taking the Imitrex. Id. As a result, the ALJ concluded, the headaches did "not impose any significant limitation on her ability to maintain a work schedule, and she has not been seen very often for this problem." Id. The Court finds that the ALJ had substantial evidence in support of his conclusion that Plaintiff's migraine headaches were non-severe.

Additionally, the ALJ continued to consider the effects of the migraine headaches in the remainder of the decision. Id. at 15-20. The ALJ considered Plaintiff's migraine headaches in assessing the RFC and in evaluating Plaintiff's credibility. Id. at 20. Therefore, the ALJ properly considered the effects of Plaintiff's headaches in the five-step

---

[1] The record sometimes refers to the medication Imitrex by it's generic name Sumatriptan. In the interest of consistency the Court will refer to the medication as Imitrex.

process. Plaintiff's motion will be denied on this basis.

### 3. The ALJ's Assessment of Plaintiff's RFC

Plaintiff argues that the ALJ's assessment of her RFC is not supported by substantial evidence. Plaintiff argues that the ALJ committed reversible error in his assessment of Plaintiff's migraine headaches, asserting that the ALJ's failure to consider her migraine headaches a severe impairment led to an RFC that falls short of Plaintiff's actual limitations. Id. Additionally, Plaintiff argues that the ALJ committed reversible error in his assessment of the Plaintiff's non-exertional mental impairments on her RFC. Id. at 6. Plaintiff argues that the ALJ failed to properly assess her credibility leading to the RFC being unsupported by substantial evidence. Id. at 9. The Commissioner argues that the ALJ's determinations were supported by substantial evidence. Defendant's Answer at 3.

The ALJ determined that Plaintiff retained the RFC "to perform sedentary work as defined in 20 C.F.R. 416.967 (a) except the [Plaintiff] can perform all the physical and mental demands of simple, unskilled sedentary work, and she can perform the basic mental demands of competitive, remunerative, unskilled work." Dkt. # 10 at 16. The mental demands include "the ability on a sustained basis to understand, carry out, and remember simple instructions, to maintain attention and concentration, to respond appropriately to supervision, co-workers, the public and usual work situations, and to deal with changes in a routine work setting." Id.

Plaintiff first argues that the evidence supports additional limitations related to her post-traumatic stress disorder ("PTSD"). Plaintiff's Brief at 7. Plaintiff alleges the ALJ failed to include limitations regarding the Plaintiff's ability to relate to others or properly to deal with stress and concentration limitations. Id. Plaintiff asserts specifically that the ALJ

failed to properly rely on the opinion of Dr. Berger, a consultative examiner, in relation to stress and ability to relate with others. Id. However, the ALJ did rely on the opinion of Dr. Berger. Dkt. # 10 at 17. The Defendant asserts, correctly, that the ALJ only discredited a small portion of Dr. Berger's opinion that was wholly dependent upon subjective statements from the Plaintiff. Defendant's Brief in Support of her Motion for Judgment on the Pleadings ("Defendant's Brief"), dkt. # 13, at 5-16. The ALJ noted that Dr. Berger found the Plaintiff to have "average intelligence and mental status examinations have shown only mildly impaired attention and concentration impaired by distractibility and depression." R. at 19.

Plaintiff alleges that the ALJ failed to address Plaintiff's limitations as noted by Dr. Herrick. Plaintiff's Brief at 8. Plaintiff asserts that the ALJ should have included limitations with regard to Plaintiff's ability to interact with the public, and her ability to respond appropriately to changes in a work setting. Id. The ALJ assigned significant weight to Dr. Herrick's opinion. Dkt. # 10 at 18. Dr. Herrick found no marked limitations in Plaintiff's abilities, and concluded that Plaintiff maintained the mental RFC to engage in simple tasks. Id. at 298.

The Court agrees with Defendant's argument that the ALJ's mental RFC determination was based on substantial evidence. Def. Mem. at 10-16. Plaintiff has not satisfied her burden of proof in attempting to show that the ALJ's determination was clearly erroneous. Centano, 73 F.Supp.2d at 338. The Court concludes that the ALJ reasonably relied on all relevant medical evidence in reaching his well-supported assessment of Plaintiff's RFC.

Plaintiff also asserts that the ALJ failed to properly assess Plaintiff's credibility

8

undermining the RFC analysis. Plaintiff's Brief at 9. The ALJ followed a two-step process in assessing Plaintiff's credibility. R. at 18. Plaintiff contends that the ALJ failed to apply the correct legal standard. Plaintiff's Brief at 9.

A residual functional capacity assessment is based on all the relevant medical and other evidence in the record. 20 C.F.R. §§ 404.1512(b), 404.1545. If the Claimant has a medically determinable impairment that could reasonably be expected to cause his or her alleged symptoms, the ALJ must evaluate the credibility of the Claimant's subjective complaints and allegations of disability based on the record as a whole, including the objective medical evidence, medical source opinions, and other relevant evidence. See 20 C.F.R. § 404.1529; S.S.R. 96–7p. Indeed, it is the function of the Commissioner, not the reviewing court, to "resolve evidentiary conflicts and to appraise the credibility of witnesses, including the Claimant." Caroll v. Sec'y of Health and Human Serv., 705 F.2d 638, 642 (2d Cir. 1983); see Gernavage v. Shalala, 882 F.Supp. 1413, 1419 n. 6 (S.D.N.Y. 1995) (Holding that an ALJ's determination with respect to the credibility of witnesses is given great deference because the ALJ heard the testimony and observed the demeanor of the witnesses). Thus, when substantial evidence supports the Commissioner's decision, "the court must uphold the ALJ's decision to discount a claimant's subjective complaints of pain." Aponte v. Secretary, Dept. of Health & Human Services, 728 F.2d 588, 591 (2d Cir. 1984). While "subjective statements of the individual as to pain or other symptoms, along with objective medical evidence, must be considered in making a disability determination, ... where, after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, the ALJ decides to discredit plaintiff's cliams of sever and disabling pain, that decision is supported by

substantial evidence." Pascariello v. Heckler, 621 F. Supp. 1032, 1036 (1985) (citing 42 U.S.C. § 423(d)(5)). Further, Plaintiff must produce appropriate, probative evidence in support of any subjective statements of symptoms, 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4), and the ALJ's decision to discount Plaintiff's statements of symptoms must be accepted by a reviewing court unless it is clearly erroneous. Centano v. Apfel, 73 F.Supp.2d 333, 338 (S.D.N.Y. 1999).

When an individual has a medically determinable impairment that could reasonably be expected to produce the symptoms alleged but the objective evidence does not substantiate the alleged intensity and persistence of the symptoms, the ALJ considers other factors in assessing the individual's subjective symptoms. These factors include: (1) Plaintiff's daily activities; (2) the nature, duration, frequency and intensity of her symptoms; (3) precipitating and aggravating factors; (4) the type of medication and other treatment or measures which Plaintiff uses to relieve pain and other symptoms; (5) treatment other than medication Plaintiff has received for relief of pain and other symptoms; (6) any other measures used by Plaintiff to relieve pain and other symptoms; and (7) other factors concerning Plaintiff's functional limitations and restrictions due to pain or other symptoms. See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

The Court finds that the ALJ applied the appropriate two-step process. See SSR 96-7p and 20 CFR § 416.929(b)-(c). The first step of the two-step process requires the ALJ to determine "whether there is an underlying medically determinable physical or mental impairment(s) (...) that could reasonably be expected to produce [plaintiff's] pain or other symptoms." R. at 18. The second step requires that "once an underlying physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain

or other symptoms has been shown, the [ALJ] must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functioning." Id. (citations omitted). If subjective statements are not substantiated by objective medical evidence, the ALJ makes a finding of credibility based on the entire record. Id. This standard, which was used by the ALJ, is the same standard Plaintiff cites. See Plaintiff's Brief at 9. Therefore, Plaintiff's assertion that the ALJ applied the incorrect legal standard is unfounded.

In any case, the ALJ had substantial evidence to find that Plaintiff's testimony with regard to the severity of her migraine headaches was inconsistent with the objective medical evidence. R. at 19. As explained above, the ALJ properly considered the improvement of Plaintiff's headaches with the use of medication. The ALJ noted that Plaintiff has not been frequently seen for this problem, and that Plaintiff does not always have to use Imitrex when treating the headaches as further evidence that Plaintiff's testimony on this is not credible. Id. at 19.

The ALJ also found that a number of Plaintiff's allegations are inconsistent with the medical evidence of record. Id. For example, Plaintiff alleged that she suffered from bipolar disorder and schizophrenia despite the fact that none of the treatment records reflecting such conditions. Id. at 18-19. The Plaintiff alleged suffering from panic attacks but failed to report this to her therapist at Pinnacle Health. Id. at 19. The ALJ found Plaintiff's failure to report alleged "zombie-like" symptoms from the medicine Saphris to the prescribing doctors further discredited Plaintiff's testimony. Id. at 19.

The ALJ also found Plaintiff's allegations to be inconsistent with her daily activities. Id. at 19-20. The ALJ noted that Plaintiff is able to shop in stores. Id. at 19. Additionally,

the ALJ noted that Plaintiff can manage her money and is able to utilize public transportation. Id. at 19.

The Court finds that the ALJ fully considered Plaintiff's allegations and clinical medical evidence, and properly exercised his discretion in evaluating Plaintiff's credibility. Consequently, the Commissioner's decision is reasonable and supported by substantial evidence. The Court will therefore deny Plaintiff's motion on this basis.

### 4. Use of a Vocational Expert.

Plaintiff argues that the ALJ erred in not utilizing the testimony of a vocational expert. Plaintiff relies on her previous argument that the ALJ erred in assessing the severity of Plaintiff's migraine headaches and mental impairments. The Court has concluded the ALJ's conclusions were supported by substantial evidence. An ALJ may properly rely on the Medical Vocational Rules as a framework where an ALJ determines the non-exertional limitations have little to no effect on a claimant's work capacity beyond that caused by her exertional impairment. Bapp v. Bowen, 802 F.2d 601, 603 (2d Cir. 1986). Here, the ALJ properly used the Medical Vocational Rules as a guide for determining that Plaintiff is not disabled. Dkt. # 10 at 21. The Court therefore denies Plaintiff's motion on this basis as well.

## III. CONCLUSION

For the reasons previously stated, the Court finds that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's motion for judgment on the pleadings is granted, Plaintiff's motion is denied, and the determination of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: March 11, 2016

_____
Thomas J. McAvoy
Senior, U.S. District Judge